IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA HERNANDEZ, DESIREE REYES,
LETICIA RODRIGUEZ, and LIZ VILLALBA,

       Plaintiffs,

vs.                                                              No. CIV 05-0397 DJS/LFG

BOARD OF COUNTY COMMISSIONERS
COUNTY OF GRANT, NEW MEXICO,
LOUIS TAVIZON, and STEVE REESE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Tavizon's Motion for a More Definite Statement **[Doc. No. 19]**, filed July 18, 2005.  Defendant Tavizon moves the Court to order Plaintiffs to provide a more definitive statement concerning the basis for Count VI of their First Amended Complaint.  As grounds for his motion, Defendant Tavizon contends Plaintiffs do not specify the state tort or constitutional tort upon which they base Count VI of their First Amended Complaint.  Thus, Defendant Tavizon asserts he cannot respond to Count VI of Plaintiff's First Amended Complaint because it is too vague.  Defendant Tavizon requests the Court order Plaintiffs to provide the factual basis for their claims in Count VI.

### I.  Standard of Review

A motion for a more definitive statement will be granted *only* "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ."  Fed.R.Civ.P. 12(e).  Courts generally disfavor

granting a motion for a more definitive statement and do so only in the case of unintelligible pleadings rather than as a correction for a lack of detail. *Frazier v. Southeastern Pennsylvania Transportation Authority*, 868 F.Supp. 757, 763 (E.D.Pa. 1994). Thus, "a motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of America*, No. Civ. A. 03-2426-KHV, 2004 WL 433914, at *1 (D.Kan. March 5, 2004).

## II.  Discussion

In response to Defendant Tavizon's motion for a more definitive statement, Plaintiffs contend Count VI constitutes "sufficient notice pleading for the purposes of federal law" and puts "defendant Tavizon on notice that Plaintiffs allege violations of their substantive due process rights under the Constitution, violations of applicable Federal statutes, and violations of New Mexico Tort Claims Act . . . ." Pls.' Resp. at 2, 4. Thus, Plaintiffs contend they have complied with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) states, in pertinent part, "A pleading which sets forth a claim for relief, whether an original claim, . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, . . . ." Fed.R.Civ.P. 8(a). Specifically, Plaintiffs claim:

> [D]efendant Tavizon's actions subjected Plaintiffs to the deprivation of rights, privileges, and immunities secured to them by both Federal and State law, including but not limited to Plaintiffs' right to be free from bodily harm while incarcerated, to be protected by due process of law, and to be accorded equal protection of the laws. The factual allegations sections of the complaint specifically denotes that sexual relations between guards and inmates are contrary to law, regulations, and detention standards, and that these prohibitions were known to defendant Tavizon and expressly and repeatedly ignored by him. Additionally, Plaintiffs' Complaint specifically mentions the statutory provisions– 42 U.S.C. §1983 and the New Mexico Tort Claims Act– for which the defendants in this matter are liable under this count.

Pls.' Resp. at 4.

Section 1983 provides a cause of action against individuals who, under color of state law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws," including rights secured by federal statutes. 42 U.S.C. §1983; *Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1173 (10th Cir. 2001). Therefore, §1983 does not create any substantive rights, but merely enforces existing constitutional and federal statutory rights. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1197 (10th Cir.1999). Because not all federal laws give rise to §1983 liability, in order for an individual to avail himself of §1983 to remedy a violation of a federal statute, the individual must assert the violation of a federal *right*, not merely a violation of federal *law*. *Southwest Air Ambulance*, 268 F.3d at 1173.

Although Plaintiffs contend that Count VI of their First Amended Complaint alleges that Defendant Tavizon's actions deprived "Plaintiffs' right to be free from bodily harm while incarcerated, to be protected by due process of law, and to be accorded equal protection of the laws," these claims are encompassed in the other counts of the complaint. Count I alleges Fourteenth Amendment violations and states, "Defendants, individually and in concert, deprived Plaintiffs of their rights of substantive due process and equal protection of the laws, proximately causing injuries and consequential damages to Plaintiff[s], including physical injury and severe emotional distress, thus Defendants are liable to Plaintiff under 42 U.S.C. §1983." Am. Compl.¶73. Count II alleges Fourth Amendment violations and states, "Defendants' acts as set forth in the Factual Allegations Portion of this Complaint, done under color of state law, deprived Plaintiffs of their right to be secure in their persons against unreasonable searches and seizure secured to them under the Fourth Amendment to the United States Constitution." *Id*. at ¶75.

Count III alleges Eighth Amendment violations and states, "Defendant Louis Tavizon subjected Plaintiff to several instances of sexual battery and sexual abuse as set forth in the Factual Allegations herein. These instances of battery and abuse constitute inhumane conditions and cruel and unusual punishment suffered by Plaintiffs while incarcerated." *Id.* at ¶79. Counts IV and V allege state claims for assault and battery. *Id.* at ¶¶ 89 and 95, respectively. Count VII alleges Negligent Hiring, Supervision, Retention, and Management. *Id.* at ¶106.

Count VI alleges "Deprivation of Rights & Privileges and Violation of Federal and State Statutory Provisions" and, as noted by Plaintiffs, "specifically mentions the statutory provisions– 42 U.S.C. §1983 and the New Mexico Tort Claims Act . . . ." Pls.' Resp. at 4. However, as the Court noted, §1983 does not create any substantive rights, but merely enforces existing constitutional and federal statutory rights. Plaintiffs do not set forth in Count VI what federal or state right Defendant Tavizon violated. Plaintiffs' claim in Count VI is not sufficiently definite to enable Defendant Tavizon to know what is charged. Thus, it is not sufficiently definite to overcome a Rule 12(e) motion. Accordingly, the Court will grant Defendant Tavizon's motion for a more definitive statement as to Count VI of the First Amended Complaint. Plaintiffs have ten days from the date of this order to amend Count VI of their First Amended Complaint to adequately state their claim. If Plaintiffs fail to amend by that date, Plaintiffs will be deemed to have abandoned this claim.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant Tavizon's Motion for a More Definite Statement **[Doc. No.19]** is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs have ten (10) days from the date of this order to amend Count VI of their First Amended Complaint to adequately state their claim.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**