IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA HERNANDEZ, DESIREE REYES,
LETICIA RODRIGUEZ, and LIZ VILLALBA,

      Plaintiffs,

vs.                                                No. CIV 05-0397 DJS/LFG

BOARD OF COUNTY COMMISSIONERS
COUNTY OF GRANT, NEW MEXICO,
LOUIS TAVIZON, and STEVE REESE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Tavizon's Second Motion to Dismiss Plaintiffs' Complaint **[Doc. No. 20 ]**, filed July 18, 2005. Defendant Tavizon contends Plaintiffs' claims against him for assault and battery which occurred before April 8, 2003, are barred by the applicable statute of limitations and should be dismissed. Defendant Tavizon also contends any of Plaintiffs' claims brought under 42 U.S.C. §1983 which occurred prior to April 8, 2002, also are barred by the applicable statute of limitations. Finally, Defendant Tavizon contends Count VI of Plaintiffs' First Amended Complaint fails to state a claim for which relief can be granted and must be dismissed

**I. Standard of Review**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The court may dismiss only if it is clear

that plaintiff cannot prove any facts entitling it to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with its allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff. *Beard v. City Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).

## II. Discussion

Plaintiffs bring Count IV and Count V of their First Amended Complaint under the New Mexico Tort Claims Act (NMTCA). Count IV alleges claims for assault, and Count V alleges claims for battery. The NMTCA is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act . . . ." N.M.Stat.Ann. §41-4-17 (Michie 1978). Under the NMTCA, "actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ." N.M.Stat.Ann. §41-4-15 (Michie 1978)(emphasis added).

Plaintiffs also bring claims under §1983. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims . . . ." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999). In this case, the parties agree that New Mexico's three-year personal injury statute of limitations applies. *See,* N.M.Stat.Ann. §37-1-8 (Michie 1978)(provides that "[a]ctions must be brought . . . for an injury to the person or reputation of any person, within three years.").

Plaintiffs filed their original Complaint on April 8, 2005.  In their First Amended Complaint, Plaintiffs allege they were assaulted and battered at various times in 2002 to 2005. *See, e.g.*, First Am. Compl. ¶¶ 17, 32, 48.  Defendant Tavizon contends any acts which form the basis for Counts IV and V, occurring before April 8, 2003, are barred by the statute of limitations and should be dismissed.  Defendant Tavizon also contends Plaintiffs' claims brought pursuant to §1983 that occurred prior to April 8, 2002, are barred by the applicable statute of limitations and also should be dismissed.

In response, Plaintiffs assert that "for various periods spanning from 2002 to 2005," they "were subject[ed] to a barrage of civil rights violations, including sexual abuse and mistreatment at the hands of defendant Tavizon."  Pls.' Resp. at 1.  Plaintiffs contend they included pertinent facts that occurred in 2002 for the purpose of providing the relevant background for the Court.  However, Plaintiffs contend that the specific acts which form the basis of this action occurred within the time period set forth in the applicable statutes of limitation.  For example, Defendant Tavizon allegedly raped Plaintiff Hernandez in June, 2002.  First Am. Compl. ¶24, *see also,* ¶¶ 40-43.  Thus, Plaintiff Hernandez "recognizes that she cannot seek relief under the state Tort Claims act for this specific instance, [however,] she may properly bring a claim for damages stemming from this incident under 42 U.S.C. §1983, which has a limitations period of three years."  Pls.' Resp. at 3-4.

There being no dispute regarding acts occurring outside the applicable statutes of limitations, the Court finds that (1) any act/conduct of Defendant Tavizon which occurred before April 8, 2003, and which forms the basis of Plaintiffs' claims under the NMTCA are time barred and dismissed with prejudice, and (2) any act/conduct of Defendant Tavizon which occurred

before April 8, 2002 and which forms the basis of Plaintiffs' claims under §1983 are dismissed with prejudice. Finally, Defendant Tavizon's motion to dismiss Plaintiffs' Count VI for failure to state a claim is denied as moot. On August 11, 2005, the Court entered its Memorandum Opinion and Order, granting Defendant Tavizon's motion for a more definitive statement as to Count VI of Plaintiffs' First Amended Complaint. The Court granted Plaintiffs ten days to amend Count VI.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant Tavizon's Second Motion to Dismiss Plaintiffs' Complaint **[Doc. No. 20]**, is granted in part and denied in part.

**IT IS FURTHER ORDERED** that any act/conduct of Defendant Tavizon which occurred before April 8, 2003, and which forms the basis of Plaintiffs' claims under the New Mexico Tort Claims Act are time barred and dismissed with prejudice.

**IT IS FURTHER ORDERED** that any act/conduct of Defendant Tavizon which occurred before April 8, 2002, and which forms the basis of Plaintiffs' claims under §1983 are time barred and dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant Tavizon's motion to dismiss Count VI is denied as moot.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**