IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YVETTE HOBBS,

        Plaintiff,

SANDRA HERNANDEZ, DESIREE           No. CIV 05-237 MCA/RLP
REYES, LETICIA RODRIGUEZ
and LIZA VILLALBA,

        Plaintiffs,                Consolidated for Pre-Trial
                                            Purposes with

vs.

BOARD of COUNTY COMMISSIONERS      No. CIV 05cv 397 DJS/RLP
of GRANT COUNTY, NEW MEXICO,
LOUIS TAVISON and STEVE REESE,

        Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING IN PART & DENYING IN PART
**PLAINTIFF HOBBS' MOTION TO COMPEL DISCOVERY**

      This matter comes before the court on Plaintiff Hobbs' Motion to Compel Initial Disclosures

and Responses to Requests for Production.[Docket No. 18, filed in 05cv 397].   At issue are the

requirements of disclosure under F.R.Civ.P. 26(a)(1)(D) and the adequacy of Responses to Requests

for Production by Defendant Grant County and Steve Reeve.

                                     ***Discussion***

1.      **Scope of discovery.**

      Pursuant to Fed.R.Civ.P. 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant
> to the subject matter involved in the pending action, whether it relates to the claim or
> defense of the party seeking discovery or to the claim or defense of any other party,
> ... The information sought need not be admissible at the trial if the information sought
> appears reasonably calculated to lead to the discovery of admissible evidence.

Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.   Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sander*s, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).   Discovery requests should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.   *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

**2.      Discovery Responses at issue.**

**Disclosure of Insurance Under F.R.Civ.P. 26(a)(1)(D).**

Rule 26 (a)(1)(D) requires a party in its initial disclosures to produce for inspection and copying any insurance agreement which may be used to satisfy any part of a claim  which may be entered in the action.[1]  Grant County admits that it has not produced copies of insurance policies for 2002, 2003 and 2004, but states that it will supplement its production by producing declarations sheets from each and every insurance carrier who had insured it since January 1, 2002.  Defendant Tavizon contends that he has no personal insurance covering the allegations raised in these suits.[2]

---

[1]Defendants Grant County and Reese certified that they had complied with the disclosure provisions of Rule 26(a) on May 5, 2005.  (Docket No. 17 filed in 05cv237).  Defendant Tavizon certified that he had complied with the disclosure provisions of Rule 26(a) on May 11, 2005.  (Docket No. 18 filed in 05cv237).

[2]Defendant Tavizon further states that he has provided Plaintiff with copies policies he obtained, presumably from Defendant Grant County,  covering two years at issue and that he will provide Plaintiff with a third when and if received.

2

Rule 26(a)(1)(D) is clear.  Parties are required to produce all insurance agreements[3] that may be liable to satisfy part of all of a judgment.  Production of declarations pages is not enough.

Defendants Grant County and Reese are hereby Ordered to produce for inspection and copying all insurance agreements or policies, in effect from January 1, 2002 to the present,  which may be used to satisfy any part of any claim made in these consolidated actions.

**Request for Production No. 5:**  Copies of all inmate complaints and/or grievances submitted by any inmate from 2002 to the present, including all responses, appeals, and resolutions related to each complaint.

Defendant Grant County originally contended that this Request was overbroad, sought information not relevant or not reasonably calculated to lead to the discovery of admissible evidence, and that it would be impossible for it to respond because prior to 2003, inmate complaints were placed in the inmates file and/or in the file of the Grant County Detention Center ["GCDC" herein] employee involved in the complaint, rather than in a centralized grievance file.  Defendant contends that it would be overly burdensome to thoroughly examine each and every inmate file it maintained for 2002 to locate the requested information.  Defendant Grant County offers to produce all  inmate files, upon entry of a confidentiality order, so that Plaintiffs may search them for grievances and complaints.  Defendant Grant County also states that it has maintained no grievance log.[4]  Finally, Defendant Grant County states that with regard to responses, appeals and resolutions to complaints

---

[3]The committee comments to the 1993 Amendments to Rule 26 state that *insurance policies* are to be produced for inspection and copying.

[4]The court notes that Defendant County adopted a Detainee Rights Grievance Procedure, dated September 14, 2003, which provided for maintaining files of inmate grievances, and for the establishment and quarterly review of a grievance log.  (Ex. H to Docket No. 18, filed in 05cv0397).  The evidentiary consequences of Defendant County's failure to follow its established procedure is beyond the scope of the motion presently before the court.

and grievances, "all documents related to grievances and complaints already produced were also produced." The court is unsure what this last statement means.

To the extent that the Request seeks all grievances or complaints filed by inmates, I find that the Request is overbroad. For example, inmate complaints about the quality of food provided would have no relevance to the allegations in the two suits before the court, nor would production of such complaints be calculated to lead to the discovery of admissible evidence. Accordingly, Request for Production No. 5 will be limited grievances or complaints alleging harassment, abuse, and/or potentially criminal behavior.

Based on Defendant Grant County's Response, it appears that here is some sort of centralized grievance file for allegations of harassment, abuse and/or potentially criminal behavior from 2003 onward. Accordingly, there is no showing of any undue hardship with regard to such files. Defendant Grant County has provided no information to the court to indicate the effort that would be involved in requiring it to examining inmate and employee files for 2002, in order to determine whether they contain allegations of harassment, abuse and/or potentially criminal behavior.

The party responding to a discovery request ordinarily bears the expense associated with doing so. A court, upon a showing of undue expense to responding party, may grant a protective order, conditioning discovery upon the payment of costs of discovery by the requesting party. *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 358, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Because no such showing has been made, Plaintiffs' Motion to Compel will be granted.

Defendant Grant county is hereby ordered to produce inmate and employee files from 2002 to the present, which contain allegations of harassment, abuse and/or potentially criminal behavior by GCDC employees.

**Request for Production No. 2:**  Copies of the personnel files of Louis Tavizon, Danny Udero and Steve Reeve, including background checks, preemployment screenings, and preemployment testing.  All Internal Affairs files related in any way to Mr. Tavizon, Mr. Utero or Mr. Reese.

**Request for Production No. 6:**  Copies of any disciplinary investigation or actions, including but not limited to Internal Affairs files, regarding Mr. Tavizon, Mr. Udero, Mr. Reese or any other person with supervisory authority over Plaintiff Hobbs.

**Request for production No. 7:**  Copies of any disciplinary investigations or action, including but not limited to Internal Affairs files, any notes, investigations, statements, reports, data, analyses regarding any GCDC officer accused of sexual harassment or inappropriate sexual interaction with either employees, inmates or third parties.

**Request for production No. 14:**  Copies of any complaints made by any other correctional officer or Grant County employee against Ms. Tavizon, Mr. Udero or Mr. Reese.  Copies of any investigation made as a result thereof.

Defendants contend that requests 6, 7 and 14 are overbroad and seek information not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, Defendants state that they have produced the complete personnel files of Defendants Tavizon and Reese and Mr. Udero, and all complaints involving allegations of sexual impropriety made against Defendant Tavizon.  Plaintiffs contend that highly relevant documents, such as sexual harassment and/or sexual misconduct claims against Defendant Tavizon and Mr. Udero, are missing from the documents produced.  Plaintiffs ask that Defendant be compelled to produce the entire files, or to account for documents not produced.

The court has no evidence before it upon which to determine whether documents Plaintiffs expected to find simply never existed, or whether they existed and have subsequently been lost or destroyed.  The court can not order the production of that which never existed.  Accordingly, Plaintiffs' motion to Compel a more complete response to Request No. 2 is denied.  However, should evidence come to light that the documents requested have been lost or destroyed, the court will consider appropriate sanctions. Estate of Trentadue ex rel Aguilar vs. U.S., 397 F.2d 840 (10th Cir.

2005); Gates Rubber Company vs. Bando Chemical Industries, Ltd.,167 F.R.D. 90 (D. Colo. 1996).

      **Request for Production No. 9:**  Copies of any documents related in any way to the State of New Mexico's management, operation, oversight, regulation or supervision on any functions of the GCDC.

      Defendant Grant County originally failed to provide an answer to this Request.  In Response to this Motion, it states that it has no documents that meet this description, nor are any such documents available to it.   It appears to the court that Defendant's failure to provide initial response to this Request was an oversight.  No further response will be required.

      **Request for Production No. 8:**  Copies of any investigations, reports or analysis related to inmate suicides in the GCDC in the last ten years.

      Defendant objected to this Request, stating that the information requested was irrelevant and not calculated to lead to the discovery of admissible evidence.  Plaintiff Hobbs cites to a case[5] filed by the estate of a former inmate who committed suicide while in custody at GCDC, and argues that this suicide "occurred amid and because of the same kinds of harassment and deprivation of rights that the Plaintiff's in these cases allege."  There is no allegation in that suit that the decedent was a victim of sexual abuse or harassment by GCDC employees.

      Plaintiff Hobbs has alleged that she observed Defendant Tavizon, mistreat, harass and abuse female prisoners, performed a strip search on a female inmate in contravention of jail procedures,  and refuse or fail to provide medical attention to female inmates who needed medical attention. [05cv 237, Docket No. 1, ¶¶ 26, 28, 29].  These allegations are echoed and expanded upon by Plaintiffs Hernandez, Reyes, Rodriguez and Villalba.  It is possible that the information regarding suicides at

---

[5]Montoya v. Grant County Board, et al., No. CIV 05-58 KBM/WDS.

6

GCDC may be relevant to the subject matter of the action, if investigation of those suicides indicate that the decedents had made complaints of sexual abuse or harassment.

Accordingly, Defendant GCDC shall produce copies of those investigations, reports or analyses of inmate suicides in the last ten years, in which there was any indication, direct or indirect, that the decedent had been subjected to sexual abuse or harassment by GCDC employees.

**Request for Production No. 11:**  Copies of GCDC harassment policy or policies, interaction with inmate policy(ies), or codes of conduct from 1990 to the present. Include any memoranda, directives, or other documents that relate thereto.

Defendant Grant County states that it has produced copies of those policies in effect during the time Plaintiff Hobbs was employee at GCDC, as well as all policies in place since October 31, 2001. I find that Defendant Grant County has provided copies of those policies in effect during the times relevant to the allegations in the consolidated suits.  No further response is required.

**Request for Production No. 13:**  Copies of any computer images or pictures of women's breasts or genitalia (either clothed or unclothes) taken by Louis Tavizon or any other GCDC correction officer.

Defendant Grant County states that it has no documents responsive to the request, that  a document (computer image) that could have been responsive to the request was purged from its computers prior to the initiation of Plaintiff Hobbs' suit, that it does not know who had taken or stored the document on the computer, and that it could not identify the woman in the document. Plaintiffs state that the have requested additional information from Defendant Grant County in light of this answer.  The request for additional information is not before the court.  Plaintiff may send a supplemental interrogatory to Defendant Grant County, seeking information related to this document, or may inquire into the creation and destruction of this document at deposition.

**Request for Production No. 15:**  Copies of inmate files, including complaints made by those inmates and GCDC responses thereto, of inmates Leticia Rodriguez, Desiree Reyes, Monica Sias, Edie Jo Placencio, Gary Placencio, Teresa Munson, Tiana Montoya, Sandra Hernandez, Crystal French, Eliza Chavarria a/k/a/ Liz Villalba, and Rachel Pe½a.

Defendant Grant County objected to this request, stating that it was overbroad, sought information that was irrelevant or not calculated to lead to the discovery of admissible evidence and sought confidential information regarding individuals not party to this lawsuit.  In response to this Motion to Compel, Defendant stated that  it had produced in their entirety the files of Plaintiff's Rodriguez, Reyes, Hernandez and Villalba.  Plaintiffs contend that a number of their grievances and grievances by other employees are missing.

As with Requests 6, 7 and 14, the court has no evidence before it upon which to determine whether documents Plaintiffs expected to find simply never existed, or whether they existed and have subsequently been lost or destroyed, and if lost or destroyed, by whom.  The court cannot order the production of that which never existed.  Plaintiffs' motion to Compel a more complete response to Request No. 15 is denied, as regards the files of named Plaintiffs.  However, should evidence come to light that the documents from their files have been lost or destroyed, the court will consider appropriate sanctions. Estate of Trentadue  ex rel Aguilar vs. U.S., 397 F.2d 840 (10th Cir. 2005); Gates Rubber Company  vs. Bando Chemical Industries, Ltd.,167 F.R.D. 90 (D. Colo. 1996). Further, upon execution of an appropriate Confidentiality Order, Defendant Grant County is Ordered to produce the inmate files of the non-plaintiffs listed in Request No. 15.

**Request for Production No. 16:**  Copies of records of any tort claim filed against Grant County for the past five years.

**Request for Production No. 17:**  Copies of records of any civil complaint filed against Grant County Relating to its police or correctional functions.

Defendant Grant Count has agreed to make available copies of tort claims and civil complaints filed against it, relating to its police or correctional functions.  No further response is required.

## IT IS THEREFORE ORDERED AS FOLLOWS:

Defendant Grant County shall provide produce for inspection and copying on or before August 26, 2005:

1.      All insurance agreements or policies, in effect from January 1, 2002 to the present, which may be used to satisfy any part of any claim made in these consolidated actions.

2.      All inmate and employee files from 2002 to the present, which contain allegations of harassment, abuse and/or potentially criminal behavior by GCDC employees.

3.      All investigations, reports or analyses of inmate suicides in the last ten years, in which there was any indication, direct or indirect, that the decedent had been subjected to sexual abuse or harassment by GCDC employees.

4.      The files of the non-plaintiff inmates listed in Request No. 15, following the execution of an appropriate Confidentiality Order.

**IT IS SO ORDERED.**

RICHARD L. PUGLISI
United States Magistrate Judge