IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SANDRA HERNANDEZ, DESIREE REYES,
LETICIA ROBRIGUEZ, and LIZ VILLALBA,**

   **Plaintiffs,**

vs.                No. Civ. 05-397 DJS/RLP

**BOARD OF COUNTY COMMISSIONERS
COUNTY OF GRANT, NEW MEXICO,
LOUIS TAVIZON, and STEVE REESE,**

   **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT TAVIZON'S MOTION TO COMPEL DISCOVERY
(Answers to Interrogatories 12,13,14 & 19)**

  This matter comes before the court of Defendant Tavizon's Motion to Compel Discovery (Docket No. 49) filed September 22, 2005. After reviewing the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, I find that the Motion should be granted in part and denied in part.

  Interrogatory No. 12 asked for a listing from each Plaintiff of all medical expenses she had incurred related to the actions alleged in the Complaint. In their First Supplemental Answers to Defendant's First Set of Interrogatories Plaintiffs state that they have to date incurred no such medical expenses, but that they will provide a listing of those expenses to Defendant if incurred in the future. No further answer is required at this time. However, should it subsequently appear to the Court that Plaintiffs' delayed seeking medical care in order to frustrate Defendant's ability to prepare his defense of this case, appropriate sanctions will be considered.

  Interrogatory No. 14 asked for the dollar amount in damages each Plaintiffs was claiming,

with details as to how such damages were calculated and identification of all documents upon which Plaintiffs' relied in computing damages. In their Second Supplemental Answer to Defendant's First Set of Interrogatories, Plaintiffs state that they will not rely on the testimony of an expert economist in establishing damages, but that each will testify in detail as to her damages, leaving the valuation of damages for the jury to decide. No further answer is required.

<u>Interrogatory No. 13</u> asked each Plaintiff to give a full description, including dates, of each physical or mental disorder, infirmity, illness or abnormality she had during her lifetime, and for each to identify the physicians, psychiatrists, psychologists or other professionals she consulted or from whom she received treatment. Plaintiffs objected to this Interrogatory as overly board and not likely to lead to the discovery of admissible evidence. Thereafter, Defendant requested that Plaintiffs supplement their answers, "by providing the information requested without objection *for the past five years* for all physical and mental conditions and providers, and for her lifetime for any prior conditions or injury involving the same area of her person, including her mental health, claimed by the Plaintiff to be injured by the alleged acts of Defendant in this matter." [Exhibit C to Docket No. 50.] Plaintiff's still object to this Interrogatory, contending that it requires them to list every significant or insignificant ailment suffered during their lifetime. Plaintiffs admit that "there may be some arguably relevant information in the span of [their] medical histories" [Docket No. 58 at 9], but provided no information whatsoever in response to Interrogatory No. 13 or Defendant's subsequent revision of Interrogatory No. 13.

I agree that Defendant's request for a lifetime of medical information is over broad. However, Plaintiff's objections are less than candid.

**Plaintiffs are hereby order to respond to Interrogatory No. 13 revised as following**:

a. A full description, including dates, of each physical or mental disorder, infirmity,

illness or abnormality each Plaintiff has suffered in the past five years *requiring medical attention*, identifying for each the physicians, psychiatrists, psychologists or other professionals consulted or from treatment was received.

b.  If mental or psychological injury is claimed in this suit, Plaintiffs will disclose all prior claims of mental or psychological injury, identifying the physicians, psychiatrists, psychologists or other professionals consulted related to that mental or psychological injury.

c.  If injury to a specific body part or function is claimed in this suit, each Plaintiff disclose all prior claims of injury to that specific body part or function, identifying the physicians or other professionals consulted related to that injury.

Plaintiffs' answers to Interrogatory No. 13 shall be served on Defendant on or before November 10, 2005.

Interrogatory No. 19 asked for the names, addresses and telephone numbers of all individuals with whom each Plaintiff had had a sexual or intimate relationship during the past seven years, identifying by name and agency which of those had worked in law enforcement.  Plaintiffs object to this Interrogatory, citing to F.R.Ev. 412.  They also contend that they have not placed their emotional condition at issue because they have not brought a separate claim for intentional infliction of emotional distress, or alleged damage from a specific mental disorder.

Rule 412 of the Federal Rules of Evidence provides that in a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim of sexual misconduct may be admitted at trial only "if it is otherwise admissible under [the Federal Rules of Evidence] and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."  See  Fed.R.Evid. 412(b)(2).  The Advisory Committee Notes explain that  Rule 412 "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and

sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process." See Advisory Committee Notes to 1994 Amendments to Fed.R.Evid. 412. The same Advisory Committee Notes acknowledge that Rule 412's limitations do not apply to pretrial discovery, which is governed by Fed.R.Civ. 26. Discovery will be permitted, subject to a protective order, where "the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery." Id.

Defendant contends that this information is relevant because each Plaintiff has alleged sexual assault by Defendant which resulted in emotional distress and marital problems. Defendant further states that he is entitled to discover whether the Plaintiff's emotional distress and marital problems were caused by their sexual relationships with other individuals.

Under the allegations asserted in this case, information regarding the Plaintiffs' sexual contacts may be relevant to the issue of damages, but only to the extent that such contact caused pain and suffering. See Giron v. Corrections Corporation of America, 981 F.Supp. 1406, 1408 (D.N.M. 1997).

**Plaintiffs are hereby ordered to provide answers to Interrogatory No. 19, revised as follows:**

    a.    List each sexual contact which was damaging to her in any way, occurring during the past seven years. As to each contact, list the name, address and telephone number of the other individual(s) involved and describe the manner, type, date, location and persons present at each sexual contact.

    b.    If any such contact was reported to a governmental agency, identify the agency.

Plaintiffs' answers to Interrogatory No. 19 shall be served on Defendant on or before

November 10, 2005.

The Answers to Interrogatory No. 19 will be submitted to the attorneys for Defendant Tavizon, William D. Slease and Jonlyn Martinez PERSONALLY AND FOR THEIR REVIEW ONLY.  Mr. Slease and Ms. Martinez are prohibited from divulging any information contained in Plaintiffs' answers to Interrogatory No. 19 to anyone, including their client, without (1) A motion by Defendants and (2) an order from the court.  See Sanchez v. Zabihi, 166 F.R.D. 500, 502-503(D. N.M. 1996).

**IT IS SO ORDERED.**

Richard L. Puglisi
United States Magistrate Judge